

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| KATHERINE GUINNANE,<br>individually, and as Personal<br>Representative for the Estate of<br>EDWIN GUINNANE, and<br>GUINNANE RANCH, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY DOBBINS, as Personal<br>Representative of the Estate of<br>ROBERT DOBBINS; EAN<br>HOLDINGS, LLC; ENTERPRISE<br>RAC COMPANY OF MONTANA/<br>WYOMING, LLC, d/b/a Enterprise<br>Rent-A-Car; and JOHN DOES 1-5,<br><br>Defendants. | CV 19–85–M–DWM<br><br><br>OPINION<br>and ORDER |

"This is an action for wrongful death and personal injury arising out of an

automobile crash on Highway 41 in Jefferson County, Montana." (Amend.

Compl., Doc. 16 at ¶ 1.) On July 13, 2015, a Dodge truck pulling a horse trailer

owned by Guinnane Ranch, LLC and driven by Edwin and Katherine Guinnane

was struck head-on by a Dodge Journey driven by Robert and Nancy Dobbins. (Id.

at ¶¶ 11–15.) The Journey was leased from Enterprise RAC of Montana and

Wyoming and owned by EAN Holdings (collectively "Enterprise"). (Id. at

1

¶¶ 16–18.) Edwin was killed, and Katherine suffered serious injuries.[1] (*Id.* at

¶¶ 24–25.) Katherine, on behalf of herself and her late husband's estate, in

conjunction with Guinnane Ranch, LLC (collectively "Plaintiffs") seek to hold the

estate of Robert Dobbins liable for negligence (Count 1) and negligence per se

(Count 2) and to hold Enterprise liable for negligent maintenance (Count 3) and

punitive damages (Count 4). (*Id.* at ¶¶ 26–46.) Enterprise seeks to dismiss Counts

3 and 4 for failure to state a claim upon which relief can be granted under Federal

Rule of Civil Procedure 12(b)(6).[2] (Doc. 19.)

Enterprise misses the mark under the Rules of Civil Procedure by a long

shot. Rather, a long shot is exactly what the motion evidences, both in the

argument and analysis put forth in the briefs. As a starting point, Rule 1 of the

Federal Rules *obligates* not only the lawyers, but also the parties, when it declares

that the rules "should be construed, administered, and employed by the court *and

the parties* to secure the just, speedy, and *inexpensive* determination of every

action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Rule 8 then provides

the context for applying Rule 1's principles to a motion to dismiss, requiring only

that the plaintiff notify the defendants of his or her claim by filing "a short and

---

[1] It also appears that Robert Dobbins was killed in the accident, but that is not clear from the face of the Amended Complaint.

[2] The Dobbins Estate filed a response to the motion, asserting that Robert Dobbins did not cause the accident. (*See* Doc. 22.)

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the plausibility standard outlined in *Iqbal* is not an invitation to ignore Rule 1, nor is it a requirement that common sense and modest legal analysis be set aside in deciding whether to move to dismiss claims such as those set forth in Counts 3 and 4 of Plaintiff's Amended Complaint in this case.

Moreover, while review under Rule 12(b)(6) is limited to the factual allegations in the operative complaint, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), those allegations are accepted as true and viewed in the light most favorable to the plaintiff, *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). Contrary to the position taken by Enterprise, Plaintiffs are not required to outline a single, detailed narrative of the alleged tortious conduct.

For the reasons set forth below, taking into account the obligations of Rules 1 and 8, Enterprise's motion to dismiss is denied.

## A.    Negligent Maintenance

Enterprise first argues that dismissal is appropriate because the conclusory allegation that it caused the accident is inconsistent with the specific, factual allegation that Robert Dobbins caused by the accident "by driving distracted and

carelessly causing his vehicle to drift into oncoming traffic." (Doc. 16 at ¶ 28.)

Enterprise further argues that any argument that the condition of the vehicle's tires

"could" cause the accident or was a "substantial factor" in bringing it about is

speculative and lacks factual support. These arguments lack merit.

As to Enterprise's first point, a plaintiff can plead in the alternative

regardless of whether he or she can ultimately recover on more than one theory.

Fed. R. Civ. P. 8(d); *see Molsbergen v. United States*, 757 F.2d 1016, 1018–19

(9th Cir. 1985); *Folsom v. Mont. Pub. Emps.' Ass'n, Inc.*, 400 P.3d 706, 715

(Mont. 2017). Moreover, "courts have been reluctant to permit one pleading to be

read as a judicial or evidentiary admission against an alternative or inconsistent

pleading." *Molsbergen*, 757 F.2d at 1019. Thus, to the extent Robbins's liability

is inconsistent with Enterprise's liability—which may not even be the case, *see*

*Oberson v. U.S. Dep't of Agr.*, 514 F.3d 989, 1000 (9th Cir. 2008) (outlining the

"substantial factor" test)—Plaintiffs may pursue both claims.

In its second point, Enterprise attempts to litigate the merits of the negligent

maintenance claim by disputing the role the mismatched tires "could" have played

in the accident. (Doc. 20 at 6 (citing Doc. 16 at ¶ 23).) Plaintiffs have alleged that

Enterprise's decision to lease the Journey in an unsafe condition was a substantial

factor in causing the fatal accident. (Doc. 16 at ¶¶ 37–43.) This allegation is

supported by allegations related to the condition of the tires, (*id.* at ¶ 19), the

warnings provided in the Journey's manual, (*id.* at ¶¶ 20, 21), and Enterprise's interest in the vehicle, (*id.* at ¶¶ 17, 18, 38–40). Enterprise's attempt to introduce contradictory inferences—i.e., that the vehicle was driven all the way from Missoula without incident, (Doc. 20 at 9; Doc. 23 at 4)—does not diminish the sufficiency of Plaintiffs' allegations. *See Lee*, 250 F.3d at 688 ("[F]actual challenges to the plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).").

Taken as true and viewed in the light most favorable to the plaintiffs, *L.A. Lakers, Inc.*, 869 F.3d at 800, Plaintiffs state a claim for negligent maintenance against Enterprise that is plausible on its face, *Iqbal*, 556 U.S. at 678.

## B.    Guinnane Ranch's Claims

Enterprise further argues that Guinnane Ranch "has failed to adequately allege any element of the claims." (Doc. 20 at 10.) The Amended Complaint provides that Edwin and Katherine Guinnane were in a truck and towing a trailer owned by Guinnane Ranch,[3] (Doc. 16 at ¶ 11), and that Guinnane Ranch "incurred property damage" as a result of the accident, (*id.* at ¶ 25(d)). That is sufficient to put Enterprise on notice of the Ranch's allegations. *See Swierkiewicz v. Sorema*

---

[3] To be fair, the sentence regarding the truck's ownership is poorly phrased: "Edwin Guinnane was driving . . . in a Dodge truck pulling a trailer owned by Guinnane Ranch, LLC." (Doc. 16 at ¶ 11.) That said, a fair reading of the sentence "construed so as to do justice" places the truck in the Ranch's ownership as well. *See* Fed. R. Civ. P. 8(e).

*N.A.*, 534 U.S. 506, 513 (2002) (pleadings need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

## C.   Punitive Damages

Enterprise argues that even if Plaintiffs' negligence claim survives, they have failed to allege facts to support a finding of actual malice. Punitive damages are authorized only "when the defendant has been found guilty of actual fraud or actual malice," Mont. Code Ann. § 27–1–221, and cannot be predicated on "mere negligence," *Campbell v. ACandS, Inc.*, 704 F. Supp. 1020, 1022 (D. Mont. 1989). Because there is no allegation of fraud, the plaintiffs must show actual malice:

> A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:
>
> (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or
>
> (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

§ 27-1-221(2).

> Plaintiffs allege Enterprise
>
> deliberately acted in conscious or intentional disregard of, or indifference to, the high probability of injury to Plaintiffs by permitting the 2014 Dodge Journey to be leased to Robert for use on public highways in Montana with different sizes and types of tires in direct contradiction of the Owner's Manual for the 2014 Dodge Journey and with knowledge that such use of different sizes and types of tires between the front and rear axles on the 2014 Dodge Journey would cause unpredictable handling of the vehicle resulting in loss of control

6

of the vehicle.

(Doc. 16 at ¶ 45.) Enterprise argues that the allegation is insufficient because it "does not even allege who installed the tires on the vehicle or that Enterprise knew of the condition of the tires." (Doc. 23 at 8.) Enterprise misses the point and may actually lend support to Plaintiffs' malice claim. If Enterprise neither installed nor knew of the condition of the tires yet rented the vehicle to the Dobbins anyway, its conduct could amount to either intentional disregard or reckless indifference. Even so, as stated above, Plaintiffs have alleged that Enterprise acted "with knowledge." Plaintiffs have adequately pled actual malice to maintain their claim for punitive damages at this stage of the proceeding.

## CONCLUSION

Based on the foregoing, Enterprise's motion to dismiss (Doc. 19) is DENIED.

DATED this __16ᵗʰ__ day of July 2019.

Donald W. Molloy, District Judge
United States District Court