IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE GUINNANE, individually, and as Personal Representative for the Estate of EDWIN GUINNANE, and GUINNANE RANCH LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS, EAN HOLDINGS, LLC, ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR, and JOHN DOES 1-5, <br><br> Defendants. <br> _____ <br><br> EAN HOLDINGS, LLC, and ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR, <br><br> Cross-Claimants, <br><br> vs. <br><br> NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS, <br><br> Cross-Defendant. | CV 19–85–M–DWM <br><br> ORDER |

## INTRODUCTION

"This is an action for wrongful death and personal injury arising out of an automobile crash on Highway 41 in Jefferson County, Montana." (Amend. Compl., Doc. 16 at ¶ 1.) On July 13, 2015, a Dodge truck pulling a horse trailer owned by Guinnane Ranch, LLC and driven by Edwin and Katherine Guinnane was struck head-on by a Dodge Journey driven by Robert and Nancy Dobbins. (*Id.* at ¶¶ 11–15.) The Journey was leased from Enterprise RAC of Montana and Wyoming and owned by EAN Holdings (collectively "Enterprise"). (*Id.* at ¶¶ 16–18.) Both Edwin and Robert were killed. (*Id.* at ¶ 24 (Edwin); Doc. 29-1 at 2 (Robert); Doc. 45 at ¶ 3(o), (p).) Katherine suffered serious injuries. (Doc. 16 at ¶¶ 24–25.) Katherine, on behalf of herself and her late husband's estate, in conjunction with Guinnane Ranch, LLC (collectively "Plaintiffs") seek to hold Nancy Dobbins, as Personal Representative for the Estate of Robert Dobbins, liable for negligence (Count 1) and negligence per se (Count 2) and to hold Enterprise liable for negligent maintenance (Count 3) and punitive damages (Count 4). (*Id.* at ¶¶ 26–46.)

Nancy Dobbins seeks to dismiss the Amended Complaint for insufficiency of process, Fed. R. Civ. P. 12(b)(5), and lack of capacity to be sued, Fed. R. Civ. P. 17(b), on the grounds that her appointment as personal representative terminated

on December 6, 2018. (Doc. 28.) Both Plaintiffs and Enterprise object. (*See* Docs. 31, 35.) The motion is granted in part as explained below.

**BACKGROUND**

At the time of his death, Robert Dobbins was a resident of Maricopa County, Arizona. His wife, Nancy Dobbins, is now and was at the time of the accident a resident of Maricopa County, Arizona. On February 26, 2016, Nancy Dobbins was appointed a personal representative for the Estate of Robert Dobbins in Probate Case No. PB 2016-001486, filed in the superior court of the state of Arizona, County of Maricopa. (Closing Stat., Doc. 30-1.) On July 5, 2017, Nancy Dobbins participated in a settlement conference with Plaintiffs wherein they reached an agreement that the Dobbinses would release their claims against Plaintiffs and Plaintiffs would not pursue their claim against the Dobbins Estate in excess of the Dobbins' vehicle insurance coverage. (Doc. 37 at 10; Doc. 35-1.) On December 6, 2017, Nancy Dobbins filed a Closing Statement and Proof of Notice with the probate court in Arizona, certifying that she provided notice to "all creditors or other claimants whose claims against the Estate are not barred or were not paid." (Doc. 30-1.) By operation of law, Nancy Dobbins' appointment as personal representative terminated one year later, on December 6, 2018. *See* Ariz. Rev. Stat. § 14-3933(B). Although Plaintiffs filed this action on July 13, 2018, naming Nancy Dobbins as personal representative of the Estate of Robert Dobbins, (Doc. 1), she was not notified of the lawsuit until December 7, 2018, (Doc. 29 at 4), or

served with the complaint until April 9, 2019, (Doc. 35 at 6). On May 9, 2019, Enterprise removed the case to federal court. (Doc. 1)

## LEGAL STANDARD

Rule 12(b)(5) is a defense to a claim for insufficient service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Rule 17(b) further provides that the capacity of a person sued in a representative capacity is determined by the law of the forum state. Fed. R. Civ. P. 17(b)(3). In Montana, service on an estate is proper if the summons and complaint are delivered to the personal representative. Mont. R. Civ. P. 4(m).

## ANALYSIS

The first question is whether the fact that Nancy Dobbins has been terminated as the personal representative of the Dobbins Estate means that service of the present lawsuit on her in that capacity was defective.[1] Under Montana law,

---

[1] Although initially teed up as a possible issue, the parties do not dispute that Plaintiffs' claims are not time barred by Montana's non-claim statute so long as the damages do not exceed the Dobbins' vehicle insurance coverage. *See* Mont. Code Ann. § 72–3–803(4)(b); (Docs. 35-1, 49).

the termination of the appointment of a personal representative "ends the right and power pertaining to the office of personal representative … [and] terminates … authority to represent the estate in any pending or future proceeding." Mont. Code Ann. § 72–3–521; *accord* Ariz. Rev. Stat. §14-3608. A discharged personal representative therefore no longer has the authority to represent the estate, *Wood v. Anderson*, 399 P.3d 304, 311 (Mont. 2017); *see* Mont. Code Ann. § 72–4–402 (recognizing an adjudication concerning an estate representative in another jurisdiction), and therefore lacks the capacity to be sued, Fed. R. Civ. P. 17(b). Contrary to Plaintiffs' position, this lack of capacity poses more than a mere technical service challenge. *Compare Borzeka v. Heckler* 739 F.2d 444, 447 (9th Cir. 1984) (applying a four-factor test to overcome technical service violation) *with Fayler v. Karau*, 51 F. App'x 639, 640–41 (9th Cir. 2002) (affirming dismissal of complaint for insufficiency of process when personal representative previously discharged in California). Service on Nancy Dobbins, as the *former* personal representative, was therefore improper.

The next question is what improper service means for the fate of this action. While Plaintiffs appear to raise concerns about whether Nancy Dobbins complied with the creditor notice requirements under Arizona probate law in closing the estate, this is not the forum for that challenge. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or

administer an estate . . . ."). But Plaintiffs may be able to seek to reopen the estate in the Arizona probate court and then properly serve the Estate. *See, e.g.*, *Locke v. Estate of Davis*, 350 P.3d 33, 37 (Mont. 2015) (indicating that a plaintiff was able to pursue his claim against a decedent's insurer after the estate had closed by petitioning the district court to reopen the decedent's estate). Because "there exists a reasonable prospect that service may yet be obtained," dismissal of the complaint is inappropriate and the Court "should . . . quash service, leaving the plaintiffs free to effect proper service." *See Arasan Chip Sys., Inc. v. Sonix Tech. Co. Ltd.*, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010); *see S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he district court has discretion to dismiss an action or to quash service."); *Whidbee*, 857 F.3d at 1023 (explaining that a plaintiff can serve process after removal if service was defective prior to removal).

## Conclusion

Accordingly, IT IS ORDERED that Nancy Dobbins' motion (Doc. 28) is GRANTED to the extent that service of the summons, amended complaint, and cross-claims are QUASHED. However, Plaintiffs and Enterprise shall have the opportunity to properly serve the Estate and shall provide notice of proper service of process within sixty (60) days of the date of this Order or show cause why additional time should be permitted. If they fail to do so, the amended complaint and/or cross-claims against the Dobbins Estate will be DISMISSED.

DATED this 28th day of October, 2019.

_____
Donald W. Molloy, District Judge
United States District Court