# Devlan Geddes

| | |
|---|---|
| **From:** | Randles, Theodore B. <TBRandles@Venable.com> |
| **Sent:** | Wednesday, July 08, 2020 5:59 AM |
| **To:** | Devlan Geddes; Trent Gardner |
| **Cc:** | 'pss@prrlaw.com'; 'Randall J. Colbert'; Baldridge, J. Douglas |
| **Subject:** | Guinnane v. Dobbins et al. |
| **Attachments:** | 2020-07-08 Letter to Devlan Geddes re 30(b)(6).pdf; 2020-07-08 Letter to Devlan Geddes re discovery.pdf |

Dear Mr. Geddes:

Please see the attached correspondence.  The documents can be downloaded from the link below.

https://venable.sharefile.com/d-sfebf2cf444647588

Sincerely,

Theodore B. Randles, Esq. | Venable LLP
t 202.344.4271 | f 202.344.8300
600 Massachusetts Avenue, NW, Washington, DC 20001

TBRandles@Venable.com | www.Venable.com

************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
************************************************************************

EXHIBIT 24

1



600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

July 8, 2020

T 202.344.4271
F 202.344.8300
tbrandles@venable.com

**BY E-MAIL**

J. Devlan Geddes
Goetz, Baldwin & Geddes, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
devlan@goetzlawfirm.com

      Re:    *Estate of Guinnane, et al. v. Estate of Dobbins, et al.*

Dear Mr. Geddes:

    I write in response to your June 26 letter, in which you rejected our offer to compromise the parties' discovery dispute.

Financial Information

    You insist on reserving the right to demand financial statements from years past, and potentially tax returns from years past, based solely on your speculation that Enterprise's financial statements might be unreliable.  You have no basis in fact for this speculation, which is at best a theoretical possibility.  We cannot agree to an open-ended fishing expedition, especially in light of our view that *any* discovery regarding punitive damages is premature, as there is zero evidence that any Enterprise defendant acted with actual malice in renting the vehicle and that the punitive damages claim will not survive summary judgment.  Moreover, it is beyond dispute that EAN is not the rental car agency in this case, that EAN did not maintain or rent the Dodge Journey, and that EAN had no connection to Robert Dobbins.  Plaintiffs' continued pursuit of punitive damages under these circumstances lacks good faith.

    Accordingly, RAC will produce its current balance sheet, subject to your confirming Plaintiffs' understanding that the document is confidential and subject to the terms of the protective order, which RAC intends to strictly enforce, and that it is inadmissible for any purpose other than to establish the amount of damages after a finding of liability for punitive damages, as provided in MCA § 27-1-221(7)(a).  As soon as you confirm, I will send you RAC's balance sheet.



J. Devlan Geddes
July 8, 2020
Page 2

<u>Rental Information</u>

    As agreed by the parties as a compromise of Plaintiffs' requests regarding the rental history of the Dodge Journey, with this letter RAC is producing rental agreements for the year prior to Robert Dobbins' rental (*see* ELCO 261-279).  The production fulfills RAC's end of the agreement and resolves the dispute over the rental history.  Regarding your request for post- or pre-rental inspection checklists, RAC has previously produced the inspection and ready slip for the rental to Robert Dobbins (*see* ELCO 14) and has included those records with the prior rental agreements where available.  Those are the only post- or pre-rental inspection checklists in RAC's records related to the Dodge Journey.  RAC has no records relating to customer feedback or requests for maintenance for the Dodge Journey.

    In addition, as a supplement to its previous productions, RAC is producing a purchase invoice for the Dodge Journey (*see* ELCO 280) and its agreement with BFS Retail & Commercial Operations, LLC (*see* ELCO 281-283).

                                                              Sincerely,

                                                              Theodore B. Randles

cc:
Doug Baldridge
Randy Colbert
Patrick Sullivan



600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

July 8, 2020

T 202.344.4271
F 202.344.8300
tbrandles@venable.com

**BY E-MAIL**

J. Devlan Geddes
Goetz, Baldwin & Geddes, P.C.
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
devlan@goetzlawfirm.com

      Re:    *Estate of Guinnane, et al. v. Estate of Dobbins, et al.*

Dear Mr. Geddes:

    Defendants EAN Holdings, LLC and Enterprise RAC Company of Montana/Wyoming, LLC's witness with respect to Plaintiffs' notices of deposition will be George McNeir on all topics except as follows:

EAN Holdings, LLC

1. Topics 2 and 6, to which EAN objects on the ground that it fails to describe the matter for examination with reasonable particularity.

2. EAN has no knowledge as to Topic 4.  Plaintiffs are well aware that EAN Holdings did not rent or maintain the Dodge Journey.

3. Topic 5, to which EAN objects on the ground that it fails to describe the matter for examination with reasonable particularity.

4. Topic 6, to which EAN objects on the ground that it assumes a fact contrary to the evidence, namely, that there are agreements between EAN and Robert Dobbins.

5. EAN has no knowledge as to Topic 8.  Plaintiffs are well aware that EAN Holdings did not rent or maintain the Dodge Journey.

6. Topic 10, to which EAN objects on the ground that it assumes a fact contrary to the evidence, namely, that the Dodge Journey was rented "for" EAN.

7. Topic 11, to which EAN objects on the ground that the matter is not relevant to the claims or defenses in this case.  Further, EAN has no knowledge as to Topic

**VENABLE** LLP

J. Devlan Geddes
July 8, 2020
Page 2

           11.  Plaintiffs are well aware that EAN Holdings did not rent or maintain the Dodge Journey.

8. EAN has no knowledge as to Topics 12-17. Plaintiffs are well aware that EAN Holdings did not rent or maintain the Dodge Journey.

9. Topics 18 and 19, to which EAN objects on the ground that they assume a conclusion unsupported by the evidence, namely, that the Dodge Journey's tires had an impact on its "drivability".

10. Topics 20 and 21, to which EAN objects on the ground that they solicit opinion testimony about an issue that, while Plaintiffs will argue is important, is not "information known or reasonably available to" the company.

11. Topic 22, to which EAN objects on the ground that it assumes a fact contrary to the evidence, namely, that EAN "allowed the Dodge Journey to Dobbins".

12. Topic 25, to which EAN objects on the ground that it fails to describe the matter for examination with reasonable particularity.

13. EAN has no knowledge as to Topic 26. Plaintiffs are well aware that EAN Holdings did not rent or maintain the Dodge Journey.

14. Topics 27-36, to which EAN objects on the ground that Plaintiffs are well aware that EAN Holdings is not the rental car agency in this matter; Enterprise RAC is.

15. Topics 33-36, EAN objects on the grounds that the matters are not relevant to the claims or defenses in this case, and that they assume a fact contrary to the evidence, namely, that vehicles are rented "for" EAN.

16. Topics 37 and 38, to which EAN objects on the grounds that the matters are not relevant to the claims or defenses in this case and, even if relevant, are premature.

17. Topic 39, to which EAN objects on the ground that it assumes a fact contrary to the evidence, namely, that EAN rented the Dodge Journey.

18. Topic 40, to which EAN objects on the ground that there is no good faith basis for the assertion of punitive damages against EAN, as it is undisputed that EAN is not the rental car agency in this case and EAN did not maintain or rent the Dodge Journey.

19. Topics 41-44, to which EAN objects on the grounds that the matters are not relevant to the claims or defenses in this case.

**VENABLE** LLP

J. Devlan Geddes
July 8, 2020
Page 3

Enterprise RAC Company of Montana/Wyoming, LLC

1. Topics 2 and 6, to which RAC objects on the ground that it fails to describe the matter for examination with reasonable particularity.

2. Topic 5, to which RAC objects on the ground that it fails to describe the matter for examination with reasonable particularity.

3. Topic 10, to which RAC objects on the ground that the matter is not relevant to the claims or defenses in this case. The witness will be prepared to testify regarding the rental of the Dodge Journey to Robert Dobbins.

4. Topics 17 and 18, to which RAC objects on the ground that they assume a conclusion not supported by the evidence, namely, that the Dodge Journey's tires had an impact on its drivability. The witness will be prepared to testify regarding the tires equipped on the Dodge Journey and RAC's maintenance practices.

5. Topics 19 and 20, to which RAC objects on the ground that they solicit opinion testimony about an issue that, while Plaintiffs will argue is important, is not "information known or reasonably available to" the company.

6. Topic 24, to which RAC objects on the ground that it fails to describe the matter for examination with reasonable particularity.

7. Topic 29, to which RAC objects on the ground that it fails to describe the matter for examination with reasonable particularity.

8. Topics 32-35, to which RAC objects on the grounds that they are matters are not relevant to the claims or defenses in this case.

9. Topics 36 and 37, to which RAC objects on the grounds that the matters are not relevant to the claims or defenses in this case and, even if relevant, are premature.

10. Topic 39, to which RAC objects on the grounds that there is no evidence in the record that would support a claim of punitive damages against RAC and the punitive damages claim will not survive summary judgment. Furthermore, the request is premature.

11. Topics 40-43, to which RAC objects on the grounds that the matters are not relevant to the claims or defenses in this case.



J. Devlan Geddes
July 8, 2020
Page 4

                                        Sincerely,

                                        Theodore B. Randles

cc:
Doug Baldridge
Randy Colbert
Patrick Sullivan