IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE GUINNANE, individually, and as Personal Representative for the Estate of EDWIN GUINNANE, and GUINNANE RANCH LLC,<br><br>              Plaintiffs,<br><br>  vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS, EAN HOLDINGS, LLC, ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR, and JOHN DOES 1-5,<br><br>              Defendants.<br>_____<br><br>EAN HOLDINGS, LLC, and ENTERPRISE RAC COMPANY OF MONTANA/ WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR,<br><br>              Cross-Claimants,<br><br>  vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS,<br><br>              Cross-Defendant. | CV 19–85–M–DWM<br><br>OPINION<br>and ORDER |

This is an action for wrongful death and personal injury arising out of an automobile crash on Highway 41 in Jefferson County, Montana. In July 2015, a Dodge truck pulling a horse trailer owned by Guinnane Ranch, LLC and driven by Edwin and Katherine Guinnane was involved in a collision with a Dodge Journey driven by Robert and Nancy Dobbins. The Journey was leased from Defendant Enterprise RAC of Montana and Wyoming and owned by Defendant EAN Holdings (collectively "Enterprise" or "Enterprise Defendants"). Both Edwin and Robert were killed. Katherine and Nancy suffered serious injuries. Katherine, on behalf of herself and her husband's estate, in conjunction with Guinnane Ranch, LLC (collectively "Plaintiffs") sued Nancy Dobbins, as Personal Representative for the Estate of Robert Dobbins ("Dobbins") and Enterprise. There are two pending motions in limine. Plaintiffs seek to exclude reference to four previous insurance settlements. (Doc. 66.) Dobbins seeks to exclude any reference to alcohol consumption. (Doc. 93.) Those motions are granted.

## ANALYSIS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). While courts have broad discretion in ruling on such motions, they should be granted only when the evidence at issue is "inadmissible on all potential grounds." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (internal quotation marks omitted). "[A] district court may change an

*in limine* ruling at trial if facts or circumstances arise to warrant the change." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

## I.   Plaintiffs' Motion on Insurance Settlements

Plaintiffs seek to exclude any reference to:

(1)   Travelers Indemnity Company of Connecticut's ("Travelers"), an insurer for Guinnane Ranch, settlement with Nancy Dobbins, wherein Travelers paid $1 million policy limits;

(2)   Travelers' payment of $250,000 in UIM coverage policy limits to Katherine;

(3)   Guinnane Ranch's property damage claim and settlement with Travelers; and

(4)   Katherine's life insurance claim and settlement.

(Doc. 66.) While the defendants do not object to the exclusion of evidence related to (3) and (4), they challenge (1) and (2). (*See* Docs. 101, 102.)

First, Dobbins argues that because Katherine's UIM settlement released her claim against her husband's estate, it "is inconsistent with her position that Mr. Guinnane was not responsible for the motor vehicle accident." (Doc. 101 at 3.) Dobbins therefore seeks its admissibility under Rule 801(d)(2), the hearsay exclusion for party opponent. Second, Enterprise argues that both settlements provide necessary factual background for the jury to understand why the Guinnane Estate is not being sued. Neither contention overcomes Rule 408's prohibition on the admission of settlements. While Dobbins' argument raises a potential

3

impeachment issue, the admission of such evidence for anything else would be more prejudicial than probative under Rule 403.

Rule 408 prohibits the admission of evidence "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" or the conduct or statements made during such a negotiation. There are limited exceptions, however, if the evidence is admitted "for another purpose, such as proving a witness's bias or prejudice [or] negating a contention of undue delay." Fed. R. Evid. 408(b). The Court therefore has latitude to determine under the circumstances of a given case whether the evidence should be excluded under Rule 408. *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987).

Enterprise argues that because the settlements at issue were reached before this case was filed, they are not excludable under Rule 408, citing *Cassino*. But doing so reads *Cassino* too broadly. While *Cassino* created a temporal exception in the context of settlement of claims in an employee severance package, it did so only because "Rule 408 should not be used to bar relevant evidence concerning the circumstances of the termination itself simply because one party calls its communication with the other party a 'settlement offer.'" 817 F.2d at 1343. Put differently, Rule 408 does not necessarily bar evidence related to the accrual of the claim itself. That is not the type of evidence at issue.

4

Thus, Rule 408's prohibition stands unless the Court concludes there is another valid reason for allowing evidence of the settlements in, such as witness bias. *See* Fed. R. Evid. 408(b). Dobbins' argument regarding Katherine's UIM claim may have some connection to her potential bias (if used as impeachment evidence), but Dobbins' argument here is one of straightforward liability: Edwin Guinnane caused the accident and Katherine's settlement with his estate is proof of that liability. That is the exact type of evidence Rule 408 prohibits. Dobbins provides no reasoned argument for how a hearsay exclusion alters that fact. While this exclusion does not prevent all impeachment on this issue, the defendants are not permitted to affirmatively wade into this area without prior leave of Court. *See* Fed. R. Evid. 611.

As to the second issue, Enterprise's concern about providing factual background to the jury can be addressed through other means. This Court regularly explains to the venire during voir dire that the case at hand is limited to the parties and issues presented at trial. If need be, those averments can be reduced to a jury instruction as the case progresses. *See* Fed. R. Evid. 611. The potential prejudice of introducing prior insurance settlements to merely explain what the jury *should not* consider is more prejudicial than probative. Fed. R. Evid. 403.

## II.     Dobbins' Motion re Alcohol Consumption

Dobbins seeks to exclude any evidence of alcohol consumption by Robert. (Doc. 93.) Plaintiffs argue that the motion is premature because while they do not

dispute the negative toxicology, "there is ample evidence that Robert drove in a distracted manner immediately prior to the collision." (Doc. 113 at 2.) But in light of the toxicology results, (*see* Doc. 94-1 at 2), any speculation that alcohol in Robert Dobbins' system at the time of the accident caused the distracted driving is contradicted by the undisputed evidence and therefore irrelevant, Fed. R. Evid. 401, making its admission more prejudicial than probative, Fed. R. Evid. 403. The motion is therefore granted. The plaintiff's suppositions about Robert's activities the evening before or what may have caused his alleged erratic driving is subject to proper trial objection based on the proof. The plaintiff's counsel should tread carefully and avoid unfounded speculation or suggesting inferences not warranted by proof.

## CONCLUSION

Accordingly, IT IS ORDERED that the motions in limine (Docs. 66, 93) are GRANTED.

DATED this  13th day of August, 2020.

_____ 10:20 AM
Donald W. Molloy, District Judge
United States District Court