IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE GUINNANE, individually, and as Personal Representative for the Estate of EDWIN GUINNANE, and GUINNANE RANCH LLC,<br><br>    Plaintiffs,<br><br> vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS, EAN HOLDINGS, LLC, ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR, and JOHN DOES 1-5,<br><br>    Defendants.<br>_____<br><br>EAN HOLDINGS, LLC, and ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR,<br><br>    Cross-Claimants,<br><br> vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS,<br><br>    Cross-Defendant. | CV 19–85–M–DWM<br><br>OPINION<br>and ORDER |

1

This is an action for wrongful death and personal injury arising out of an automobile crash on Highway 41 in Jefferson County, Montana. In July 2015, a Dodge truck pulling a horse trailer owned by Guinnane Ranch, LLC and driven by Edwin Guinnane was involved in a collision with a Dodge Journey driven by Robert Dobbins. The Journey was leased from Defendant Enterprise RAC of Montana and Wyoming and owned by Defendant EAN Holdings (collectively "Enterprise" or "Enterprise Defendants"). Both Edwin and Robert were killed. Their wives, Katherine and Nancy, each suffered serious injuries. Katherine, on behalf of herself and her husband's estate, in conjunction with Guinnane Ranch, LLC (collectively "Plaintiffs") sued Nancy Dobbins, as Personal Representative for the Estate of Robert Dobbins ("Dobbins"), alleging negligence (Count 1) and negligence per se (Count 2). (Doc. 16.) Plaintiffs also sued Enterprise, alleging negligent maintenance (Count 3) and seeking punitive damages (Count 4). (*Id.*) In the present motion, Plaintiffs seek to compel the Enterprise Defendants to produce financial information. (Doc. 62.) Argument was heard on August 12, 2020. (*See* Min. Entry, Doc. 122.) For the reasons discussed on the record and as explained below, the motion is granted.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a party's failure to disclose requested information, the requesting party may move to compel

the opposing party to produce the requested discovery materials. Fed. R. Civ. P. 37(a)(1). Specifically, a party's failure to answer an interrogatory, or to respond to a request for production are grounds for obtaining an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B). Based on the liberal discovery policies of the Federal Rules of Civil Procedure, a party opposing discovery carries a "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In ruling on a motion to compel, "[b]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

     Plaintiffs assert a punitive damage claim against Enterprise. (Doc. 16 at ¶¶ 44–46.) They insist they are entitled to discover information about the Enterprise Defendants' financial condition and seek to compel the Enterprise Defendants to produce federal income tax returns from 2015 to the present (Request for Prod. No. 22) and financial statements from January 1, 2015 to the present (Request for Prod. No. 23), as well as state the value of their assets and liabilities (Interrogatory No. 17). The Enterprise Defendants initially declined to produce any of the requested information on the grounds that Plaintiffs' punitive damages claim lacks merit and, even if it succeeds, Plaintiffs are only entitled to limited financial information. (*See* Doc. 63-1 at 3.) But, on July 8, 2020, Enterprise RAC produced a single unaudited "balance sheet" as of April 30, 2020.

(*See* Doc. 65 (sealed).) EAN Holdings has not produced any responsive information.

While the Enterprise Defendants are correct that their financial status is not admissible to prove liability for punitive damages, *see* Mont. Code Ann. § 27–1–221(7)(a), discoverability is distinct from admissibility. As this Court has previously stated, "[w]here a claim for punitive damages is made . . . a party's financial status is relevant to the subject matter of the action and thus a proper subject of pretrial discovery." *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988). Moreover, most of the Enterprise Defendants' arguments go to the merits of the punitive damages claim, not the specific question of disclosure. Even if discoverability of the financial information depended on Plaintiffs' punitive damages claim surviving summary judgment—which it does not—Plaintiffs have met that threshold as explained in the Court's summary judgment order. (*See* Doc. 124.) Thus, Plaintiffs are entitled to the financial information at issue, with the caveat that such information may not be used unless and until the jury determines punitive damages should be awarded. Given defendant's desire to keep the information out of the public record the parties previously entered a stipulation that satisfies defendant's concern.

The next inquiry then is the scope of the disclosure. The Enterprise Defendants insist that the limited snapshot of value provided in Enterprise RAC's April 2020 financial statement is sufficient. (*See* Doc. 65.) But they must provide

4

sufficient information to "constitute a reliable basis" for determining their net worth. *See Blue Ridge Homes, Inc. v. Thein*, 191 P.3d 374, 387 (Mont. 2008). Plaintiffs' discovery requests are sufficiently limited in scope to meet that goal.

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' motion to compel (Doc. 62) is GRANTED. Both Enterprise Defendants must respond to Request for Production Nos. 22 and 23 and Interrogatory No. 17 within ten (10) days of this Order. Plaintiffs' are awarded their fees and costs in the amount of $4,609.00. *See* Fed. R. Civ. P. 37(a)(5); (Doc. 112 at 4; Doc. 112-4.)

DATED this 13th day of August, 2020.

_____ 14:07 PM
Donald W. Molloy, District Judge
United States District Court