IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE GUINNANE, individually, and as Personal Representative for the Estate of EDWIN GUINNANE, and GUINNANE RANCH LLC,<br><br>    Plaintiffs,<br><br> vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS, EAN HOLDINGS, LLC, ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR, and JOHN DOES 1-5,<br><br>    Defendants.<br>_____<br>EAN HOLDINGS, LLC, and ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC, d/b/a ENTERPRISE RENT-A-CAR,<br><br>    Cross-Claimants,<br><br> vs.<br><br>NANCY DOBBINS, as Personal Representative for the Estate of ROBERT DOBBINS,<br><br>    Cross-Defendant. | CV 19–85–M–DWM<br><br>OPINION<br>and ORDER |

This is an action for wrongful death and personal injury arising out of an automobile crash on Highway 41 in Jefferson County, Montana. In July 2015, a Dodge truck pulling a horse trailer owned by Guinnane Ranch, LLC and driven by Edwin with Katherine Guinnane as a passenger was involved in a collision with a Dodge Journey driven by Robert and his passenger, Nancy Dobbins. The Journey was rented from Defendant Enterprise RAC of Montana/Wyoming and owned by Defendant EAN Holdings (collectively "Enterprise" or "Enterprise Defendants"). Both Edwin and Robert were killed. Katherine and Nancy each suffered serious injuries. Katherine, on behalf of herself and her husband's estate, in conjunction with Guinnane Ranch, LLC (collectively "Plaintiffs") sued Nancy Dobbins, as Personal Representative for the Estate of Robert Dobbins ("Dobbins"), alleging negligence (Count 1) and negligence per se (Count 2). (Doc. 16.) Plaintiffs also sued the Enterprise Defendants, alleging negligent maintenance (Count 3) and seeking punitive damages (Count 4). (*Id.*)

On the present motion, Plaintiffs seek discovery sanctions against the Enterprise Defendants for (a) failing to timely supplement discovery regarding maintenance policies and training manuals and (b) failing to produce a qualified, prepared witness for their Rule 30(b)(6) deposition. (Doc. 84.) Argument on the motion was heard on August 12, 2020. (*See* Min. Entry, Doc. 122). For the reasons discussed on the record and those outlined below, the motion for discovery

sanctions is granted in relation to the 30(b)(6) argument. The motion is denied in all other respects.

## ANALYSIS

### A. Training Materials

The crux of this dispute is whether "maintenance policies" could reasonably be expected to include employee training materials. It is undisputed that both Enterprise's Rule 26(a) disclosures and Plaintiffs' Rule 26(b) discovery requests use the terms "maintenance policies" or vehicle "servicing" or "checklists." (Doc. 85-2 at 8–10; Doc. 87 at 2–4, Doc. 85-6.) But neither the disclosures nor the requests reference employee training. As a result, Enterprise produced only three pages of records in May 2020. (Doc. 87 at 2–4; Doc. 85-6.) Surprised by the dearth of maintenance policies for such a large rental company, Plaintiffs sought and received confirmation that these three pages were the "totality of all documents" in Enterprise's possession, (Doc. 85-8).

On April 23, 2020, Plaintiffs emailed Enterprise to schedule a 30(b)(6) deposition. That email included a list of 43 topic areas as to Enterprise RAC and 44 topic areas as to EAN Holdings to be addressed by the deponent. (Doc. 85-13.) None of the topic areas referenced employee procedures or training. (*Id.*) Counsel for Enterprise responded that he would need to confer with co-counsel and the client, (Doc. 85-14), but no further response was provided. Plaintiffs renewed their request on June 5. (Doc. 85-15.) Enterprise did not respond. Plaintiffs made a

third request on June 11, (Doc. 85-16), and even though Enterprise did not respond, Plaintiffs indicated notices would be sent out for a June 22 deposition date, (Doc. 85-17). On June 16, Enterprise finally responded with the name, location, and availability of its 30(b)(6) deponent. (Doc. 85-18.) Plaintiffs agreed to delay the deposition until July 9. (Docs. 85-19, 85-20.)

The day before the deposition, Enterprise objected for the first time to many of the Rule 30(b)(6) topic areas that had been provided in April. (Doc. 85-23 at 4–6.) Plaintiffs responded, noting the unreasonable delay. (Doc. 85-24.) Enterprise then responded that they "prepared a witness to testify on all topics except those few to which we have objected in total as completely irrelevant." (Doc. 85-25.) When asked to justify this delay at the August 12 hearing, counsel for Enterprise admitted he could provide no good reason:

> **THE COURT**: But explain the chronology of his request. As I read the record, and I might not be entirely accurate on the days, but roughly two months before the actual 30(b)(6) deposition you had the topics, and sometime during that period, there was a request to meet and confer. And then there was no response, literally, and then you get the 30(b)(6) notice, and then the day before the deposition, there's, I guess, objections, is what you call them. But why did it take so long? And if you were anxious for meet and greet and to discuss this, which I think the rules contemplate, why didn't you do that?
>
> **MR. BALDRIDGE**: I can't defend that, is the answer. I can't defend that our objections were sent out the day before.

(Doc. 128 at 29–30.)

On July 9, Plaintiffs took the 30(b)(6) deposition of Enterprise's corporate representative, George McNeir. (*See* Doc. 87 at 19–234.) During that deposition, McNeir referenced several training manuals that had not been produced nor specifically identified as a topic for the Rule 30(b)(6) deposition. (*Id.* at 97, 191, 207, 212–18.) A deposition of another Enterprise employee, Marlon Miles, proffered similar information. (*See* Doc. 105-1.) As a result, on July 15, 2020, Plaintiffs sent a letter demanding production of the documents identified by the two employees, including:

    1. Training Power Point presentations, McNeir, p. 79
    2. Training packets, McNeir, p. 173
    3. Training road maps, McNeir, p. 189 [Miles 37:22-38:10]
    4. Training video, Miles [51:12-18]
    5. New employee handbook, Miles [36:14-38-19]
    6. Enterprise Holdings Curriculum [subsections omitted].

(Doc. 85-12.) Plaintiffs further demanded "any additional maintenance policies or training materials," relying on Enterprise's obligations under Rules 26(a) and (e). The present motion was filed on July 27. (Doc. 84.) Two days later, Enterprise produced the following:

    1. New Hire Orientation – Day 3, (Doc. 105-3);
    2. Digital Image, (Doc. 105-4);
    3. Management Trainee Branch Orientation, (Doc. 105-5);
    4. Trunk to Trunk Inspection Participant Guide, (Doc. 105-6);
    5. Risk Management PowerPoint, (Doc. 105-7);
    6. New Hire Orientation – Day 1, (Doc. 105-8);
    7. Trunk to Trunk Inspection Leader Guide, (Doc. 105-9); and
    8. Vehicle Inspection Best Practices, (Doc. 105-10).

(*See* Doc. 105-2.)[1]  Then, on August 6, 2020, Enterprise produced three more documents:

1. Checklist, (Doc. 115-2);
2. Management Trainee Roadmaps, (Doc. 115-3); and
3. Service Agent and Driver Training, (Doc. 115-4).

The emails accompanying both disclosures disavow any affirmative obligation to produce the documents. (*See* Docs. 105-2, 115-1.)  Discovery is closed and we are now moving toward a fixed trial date.  No further discovery is allowed by virtue of the preliminary pretrial order, absent another order from the court.

The first question is whether Enterprise was required to produce these training materials as part of its initial disclosures.  Under Rule 26(a)(1), a party has a duty to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  This obligation is limited, however, to information supporting the disclosing party's claims and defenses. *Webster v. Psychiatric Med. Care, LLC*, 386 F. Supp. 3d 1358, 1365–66 (D. Mont.

---

[1] In its response brief, Enterprise complains that Plaintiffs filed these documents (as well as those disclosed on August 6) without seeking to seal them despite their "Confidential" designation. (Doc. 117 at 16.) Plaintiffs were correct to proceed as they did, as the Court made clear sealing such documents is a waste of time and resources. (*See* Doc. 100.) The only exception, as discussed at the hearing, is for Enterprise's confidential financial information, if it becomes necessary to file that information.

2019); *see also* 2000 Amendment to the Advisory Committee Note to Rule 26(a)(1) ("A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use."). Enterprise has stated that it "did not intend to rely upon [these documents] within the scope of their Rule 26 initial disclosures." (Doc. 105-2.) Thus, so long as Enterprise did not intend to use those materials "to support its claims or defenses," it did not have a Rule 26(a) obligation to produce them.

The next question is whether these materials fell within the purview of Plaintiffs' discovery requests under Rule 26(b). *See Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 636 (D. Kan. 2012) ("[Rule 26(a)(1)] does not limit the scope of discovery or prohibit the proponent of discovery from seeking additional information."). Plaintiffs' discovery requests included interrogatories related to "standard maintenance procedure" and requests for production related to "[p]olicy/procedure manual(s)" and "vehicle maintenance." (*See* Doc. 85-2 at 8; *see also id.* at 9 (requesting "documents relating to the servicing and maintenance of the Dodge Journey"); *id.* at 10 (asking for Enterprise to describe its "pre-rental standard procedure" and provide "policies, procedures or checklists used").) Enterprise argues, however, that Plaintiffs neither alleged negligent training nor requested employee training materials. And employee training was not a noticed 30(b)(6) topic. Thus, until the Rule 30(b)(6) depositions, Enterprise distinguished

7

"maintenance" from "training,"[2] even if that literalism was the product of gamesmanship. That distinction crumbled, however, at the 30(b)(6) deposition, when the designee repeatedly referred to training materials when asked about maintenance policy. (*See, e.g.*, Doc. 87 at 30–31, 33, 36, 75, 124, 127.)

Rule 37(c)(1) provides that if a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information . . . at a trial . . . unless the failure was substantially justified or is harmless." The Court may also order the payment of reasonable expenses or fees, "inform the jury of the party's failure," or impose other sanctions outlined by Rule 37(b)(2)(A). As discussed above, Enterprise did not violate Rule 26(a). Rule 26(e), however, imposes a duty to supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The Rule 30(b)(6) deponent's references to training materials made clear that these documents reasonably fell within the purview of Plaintiffs' requests, notwithstanding Enterprise's prior literal interpretation. Thus, supplemental disclosure under Rule 26(e) was required.

But the record shows that disclosure has since occurred. (*See* Docs. 115, 117.) It is therefore unclear why Plaintiffs continue to insist sanctions are

---

[2] "Maintenance" includes the "act of maintaining" and "the labor of keeping something (as buildings or equipment) in a state of repair or efficiency." *Maintenance*, *Webster's Third New International Dictionary* (1986).

warranted. Because the training materials are not part of Enterprise's Rule 26(a) disclosures, Enterprise is prevented from relying on the materials at trial. And, with trial two months away, Plaintiffs have plenty of time to review the materials.

Given Plaintiffs' failure to specifically request what they now seek and that the materials were ultimately disclosed, sanctions under Rule 37(c) are not appropriate. Any other result would, as Enterprise suggests, "value the discovery motion more than the discovery." (Doc. 117 at 15.)[3]

## II. 30(b)(6) Deposition

Rule 30(b)(6), requires an organization subject to proper notice to produce a witness who can answer questions about the subject matter in the deposition notice. (*See also* Sched. Or., Doc. 45 at ¶ 6 (requiring parties to meet and confer "to identify each person the organization will designate to testify and the topic areas that will be addressed").) That includes matters beyond those personally known to the witness. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) (collecting cases). Because the designee speaks on behalf of the entity, he or she "cannot be a potted plant." *See Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 558 (D. Mont. 2009).

---

[3] If Enterprise has any other materials it believes could even tangentially relate to vehicle maintenance, it should disclose them now. If it fails to do so and the information is later revealed, significant sanctions will be imposed. There will be no safe harbor for further "hair-splitting" about the issues in the case by employing verbal prestidigitation.

Plaintiffs identify 21 ways they believe McNeir was not adequately prepared. (*See* Doc. 85 at 18–19.) Enterprise has responded to each of those allegations. (Doc. 117 at 29–31.) Ultimately, Rule 30(b)(6) required more than Enterprise provided. The amendments to the Rules of Civil Procedure, and in particular Rule 30(b)(6), were intended to put an end to the kind of antics Enterprise adopted in this case. The meet and confer requirement has no specific time limit but reason dictates that a hiatus of nearly two months falls far short of the "just, speedy and inexpensive" resolution of cases, *see* Fed. R. Civ. P. 1, and the spirit of the amended rule.

McNeir was not prepared to discuss the Enterprise Defendants' finances (topics 37–40),[4] corporate relationship or structure (topics 1–4), insurance coverage (topic 5), record and maintenance procedures (topics 28–32), or rental operation statistics (topics 33–36, 41–44). Nor was he prepared to discuss corporate knowledge of tire policy (topics 18–22) or the full rental history of the Journey (topics 7–17). Because those topics were properly identified in the Rule 30(b)(6) deposition notice, Enterprise was obligated to educate and prepare its designee to address them. Enterprise argues, however, that it issued a "blanket objection" to some of those topic areas prior to the July 9 deposition. But a party cannot simply object to deposition topics and not prepare its designee. Rather,

---

[4] The topic numbers are from the EAN Holdings Notice. (*See* Doc. 83-13.)

10

those objections must be resolved through a meet and confer process or through a protective order issued by the Court. Enterprise did neither. First, as discussed above, despite being provided with the topic lists in April 2020, Enterprise—admittedly without justification—did not notice its objections until the day before the deposition. Thus, Enterprise cannot now argue that it attempted to resolve any dispute about the deposition topics in good faith prior to the deposition itself.

Second, Rule 30(b)(6) does not provide a mechanism by which a party can simply refuse to produce or prepare its designee on noticed topics. To the contrary, Rule 30(c)(2) indicates that the examination is to proceed subject to objection. While Enterprise could have sought a protective order to challenge those topic areas it believed were irrelevant, it did not do so. And now, that ship has sailed. Enterprise was obligated to provide a witness or witnesses that could accurately answer questions about the relationship between the Enterprise entities, as well as their insurance coverage, including information about their profits, number of vehicles, rental days, operational history, and corporate knowledge of safety concerns. It did not do so.

Rule 37(d) allows a court to impose a range of sanctions for a party's failure to comply with Rule 30(b)(6). *See Pioneer Drive, LLC*, 262 F.R.D. at 559–60 ("Many courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance at a deposition, meriting the imposition of sanctions."). A variety of sanctions have

been invoked when a party fails to produce an adequate 30(b)(6) deponent, including:

> (1) costs and attorneys' fees incurred in filing a motion to compel, (2) monetary sanctions against the non-complying party and its counsel, (3) an order compelling compliance with Rule 30(b)(6) and requiring an educated deponent to be produced, [and] (4) requiring a corporation to redesignate an adequately prepared witness to testify in the new deposition at the corporation's expense.

*Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 542–43 (collecting cases) (internal citations omitted).  Other courts have precluded witnesses from testifying on subject matters the 30(b)(6) designee was unable to provide knowledge and specific responses about.  *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268–69 (2d Cir. 1999). The trial jury could also be instructed that it may draw adverse inferences where wrongdoing prevented the opposing party from gaining discoverable information.

Given the nature of this Rule 30(b)(6) violation, sanctions like those imposed in *Pioneer Drive* are warranted.  Enterprise must designate a person or persons to be deposed by Plaintiffs on all the matters listed in its prior Rule 30(b)(6) notices,[5] at a location of Plaintiffs' choosing (because of Covid 19, video remote is permissible).  Enterprise must pay Plaintiffs' costs and expenses, as well

---

[5] While the Court would normally limit the new deposition to those topics specifically identified above, Enterprise has demonstrated that if given an inch, it will take a mile.  To avoid further pettifogging, all topics in the deposition notices may be addressed.

12

as one attorney's fees for retaking the Rule 30(b)(6) deposition(s). The deposition(s) shall take place before September 7, 2020. To ensure this does not happen again, Enterprise shall file a statement with the Court prior to the deposition(s) identifying who it has designated to represent it on each listed topic. Failure to provide knowledgeable designees shall be treated as contempt of court. *See* Fed. R. Civ. P. 37(b). Unlike *Pioneer Driver*, however, attorney fees are not awarded on the present motion. As discussed above, Plaintiffs do not prevail under Rule 37(c).

## Conclusion

Accordingly, IT IS ORDERED that Plaintiffs' motion for discovery sanctions (Doc. 84) is GRANTED IN PART and DENIED IN PART. It is DENIED as to Rule 37(c) sanctions. It is GRANTED as to sanctions under Rule 37(d) as follows:

(1) The Enterprise Defendants are compelled to produce one or more thoroughly educated and prepared designee(s) to address on its behalf the topics listed in Plaintiffs' Rule 30(b)(6) Notices. (*See* Doc. 85-13.) The examination(s) will take place at a location of Plaintiffs' choosing and shall occur no later than September 7, 2020.

(2) Prior to the deposition(s), the Enterprise Defendants shall file and serve a statement providing (a) each witness it designates for each matter listed in the Notice, (b) that each designee is knowledgeable and capable of testifying on

behalf of Defendants on the particular topic and that failure to comply will be treated as contempt of court, (c) the signature of each designee and Defendants' counsel indicating that they understand what is expected of them as evidenced in the 30(b)(6) Notice and this Order.

(3) Defendants shall pay Plaintiffs' costs and expenses, as well as one attorney's fees, for the retaking of the Rule 30(b)(6) deposition(s).

DATED this 14th day of August, 2020.

_____ 16:15 PM
Donald W. Molloy, District Judge
United States District Court